## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD GOSS, | : | No. 3:24-CV-1133 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN GREENE, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Ronald Goss filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania.  He alleges that the Federal Bureau of Prisons (BOP) has failed to properly apply time credits he has earned under the First Step Act of 2018 (FSA), Pub. L. 115-391, 132 Stat. 5194 (2018), toward time in prerelease custody, in violation of the plain language of the Act.  After careful consideration, the court is constrained to hold that Goss's prerelease custody claim is not cognizable on habeas review, so his Section 2241 petition must be dismissed for lack of jurisdiction.

## I.    BACKGROUND

The relevant facts in this case are undisputed.  Goss is currently serving a 156-month sentence imposed by the United States District Court for the Middle District of Pennsylvania for a controlled substance offense.  (Doc. 10-2 ¶ 3).  He

is also serving a concurrent state sentence of 7 to 14 years' incarceration for aggravated assault.  (See Doc. 10-5 at 3 ¶ 7; Doc. 10-8 at 2).

Goss's projected statutory release date for his federal sentence, applying only good conduct time, is August 12, 2026.  (See Doc. 10-3 at 2, 3).  Goss is not eligible for prerelease benefits under the Second Chance Act of 2007 (SCA), Pub. L. No. 110-199, 122 Stat. 657 (2008), because of his existing state detainer.  (See Doc. 10-8 at 2, 3).

Goss is eligible, however, to earn and receive the benefit of FSA time credits.  (See Doc. 10-3 at 3).  As of June 29, 2024 (the latest calculation provided to the court), Goss had earned 365 FSA time credits toward early release and an additional 610 FSA time credits toward time in prerelease custody either at a Residential Reentry Center (RRC) or on home confinement.  (See Doc. 10-7 at 2); 18 U.S.C. § 3624(g)(2).  The BOP has applied 365 FSA credits toward early release, advancing Goss's statutory release date one year and creating a projected FSA release date of August 12, 2025.  (See Doc. 10-3 at 3).

The dispute in the instant petition involves application toward time in prerelease custody of Goss's remaining 610 FSA credits, hereinafter referred to as "excess" credits.  Goss maintains that he is statutorily eligible for application of these excess credits and that the plain language of the FSA requires the BOP to apply all excess credits toward time in prerelease custody.  According to Goss,

2

and as confirmed by the BOP, application of these credits would have resulted in his transfer to prerelease custody at least as early as March 2024. (See Doc. 10-5 ¶ 6; Doc. 10-8 at 2).

Goss, however, was not transferred to prerelease custody at that time. It appears that the BOP denied his placement in prerelease custody based on the existence of his state detainer. (See Doc. 10 at 16; Doc. 10-5 ¶ 8). Then, on September 10, 2024, while the instant Section 2241 petition was pending, Goss was transferred to the custody of the Commonwealth of Pennsylvania pursuant to 18 U.S.C. § 3623 to serve the remainder of his federal sentence in state custody. (See Doc. 14-5 at 2-3 (citing BOP Program Statement 5140.35, "Transfer of a Prisoner to State Custody Prior to Release from the Federal Sentence"); Doc. 14-2 ¶ 3). According to Respondent, "there are no plans for his return to federal custody." (Doc. 14 at 3 (quoting Doc. 14-2 ¶ 4)).

Following Goss's transfer to state custody, Respondent initially asserted that Goss was no longer "in custody" for federal habeas purposes. (See Doc. 14 at 4). When pressed on the accuracy of this position, Respondent conceded that Goss was still serving the remainder of his federal sentence in state custody and therefore was "in custody" for purposes of Section 2241. (See Doc 21 at 1). Respondent, however, continues to oppose Goss's habeas petition. After supplemental briefing, that petition is ripe for review.

3

## II.    DISCUSSION

Goss's argument is straightforward.  He maintains that (1) he is statutorily eligible—under the prerequisites set forth in 18 U.S.C. § 3624(g)—for application of the FSA time credits that he has earned by successfully participating in FSA programming; (2) 18 U.S.C. § 3632(d)(4)(C) requires the BOP to apply his excess credits to time in prerelease custody; and (3) the agency's failure to do so violates the First Step Act.  Goss also correctly points out that the existence of a state detainer does not preclude an inmate from earning FSA time credits or having those credits applied toward time in prerelease custody.  (See Doc. 11 at 2-3 (citing U.S. DEP'T OF JUSTICE, FED. BUREAU OF PRISONS, Change Notice to Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) (Feb. 6, 2023 & Mar. 10, 2023), https://www.bop.gov/policy/progstat/5410.10_cn2.pdf) (last visited Apr. 1, 2025))).

Respondent first asserts that Goss's petition should be dismissed because he failed to exhaust administrative remedies.  Respondent next argues that Goss's petition is not judicially reviewable—or alternatively should be denied on the merits—because Goss has no right or entitlement to a particular amount of time in prerelease custody and the BOP has exclusive discretion regarding designation of place of confinement.

Because Goss's petition involves an issue of purely statutory construction, administrative exhaustion is excused.  See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (per curiam) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  The court, however, cannot reach the merits of Goss's FSA prerelease custody claim.  That is because such a claim, which involves the execution of his sentence, is not cognizable on habeas review in this circuit. Thus, the court must dismiss his habeas petition for lack of jurisdiction.

The core of habeas corpus primarily involves a challenge to the fact or duration of confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 487-88, 500 (1973).  In Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—a prisoner may also challenge the "execution" of their sentence via a petition under 28 U.S.C. § 2241.  See id. at 241-44.  In Woodall, the petitioner asserted a challenge to BOP regulations that affected whether he served a portion of his sentence in a federal penal institution or in a "Community Corrections Center" (CCC).[1]  See id. at 237.

---

[1] The term "Community Corrections Center" is the precursor to what is now referred to by the BOP as a "Residential Reentry Center," sometimes colloquially called a halfway house.  See Brown v. Warden Fairton FCI, 617 F. App'x 117, 118 n.1 (3d Cir. 2015) (per curiam) (nonprecedential) ("In 2006, the BOP began referring to 'Community Corrections Centers' as 'Residential Reentry Centers' ('RRCs')[.]").

The Third Circuit agreed with the Second, Sixth, Ninth, and Tenth Circuits and held that habeas jurisdiction lies for prisoners challenging the "manner of their imprisonment," including the place of confinement, when the differences in custody reflect more than a "simple" or "garden variety" prison transfer. See Woodall, 432 F.3d at 242-43. The panel highlighted the significant disparities between carrying out a sentence in a CCC and carrying out a sentence in an ordinary penal institution and concluded that the petitioner's claim was a "proper challenge to the 'execution' of his sentence," and thus "habeas jurisdiction lies." Id. at 243-44.

Following Woodall, confusion arose as to what exactly "execution of the sentence" meant for a habeas petitioner. Even the Woodall panel conceded that the precise meaning of this phrase is "hazy." Id. at 242.

In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the court of appeals endeavored to clarify execution-of-sentence habeas challenges in the Third Circuit. The Cardona panel first performed an in-depth review of Woodall and McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010), precedential decisions that had considered execution-of-sentence habeas claims and had determined that the claims presented were cognizable under Section 2241. See Cardona, 681 F.3d at 536-37.

From these decisions, the Cardona panel distilled that the linchpin for habeas jurisdiction for an execution-of-sentence claim was whether the petitioner was challenging the "carrying out" or "put[ting] into effect" of their sentencing order. See id. The reason the petitioners in Woodall and McGee could seek review of the execution of their sentences under Section 2241, the court of appeals explained, was because their petitions "both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment." Id. at 536. The Cardona panel thus held that "[i]n order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537. In that case, the petitioner had not made such an allegation, so the panel found that he was not properly challenging the "execution" of his sentence and therefore the district court had no jurisdiction to consider his Section 2241 petition. See id. at 537, 538.

The same is true for Goss's petition. Goss has not alleged, let alone established, that the BOP's conduct is somehow inconsistent with an express command or recommendation in his sentencing judgment. Indeed, there is nothing in Goss's sentencing judgment discussing or even alluding to prerelease custody. See United States v. Goss, No. 1:14-cr-00016, Doc. 57 (M.D. Pa. Apr.

27, 2015). Accordingly, his petition does not properly challenge the "execution" of his sentence as defined by Cardona v. Bledsoe, so this court has no jurisdiction to consider his habeas claim. See Cardona, 681 F.3d at 537, 538.

The court is aware that case law within this circuit undoubtedly creates confusion as to jurisdiction for Section 2241 execution-of-sentence claims challenging prerelease custody placement. Most notably, in Vasquez v. Strada, 684 F.3d 431 (3d Cir. 2012) (per curiam)—a precedential decision issued just 18 days before Cardona v. Bledsoe—the Third Circuit plainly stated that a prisoner "may resort to federal habeas corpus to challenge a decision to limit his RRC placement." Vasquez, 684 F.3d at 433 (citing Woodall, 432 F.3d at 243-44). In Vasquez, the petitioner was not asserting that a BOP action was inconsistent with a command or recommendation in his sentencing judgment; rather, he claimed that the BOP had failed to comply with the federal prisoner reentry initiative with respect to RRC placement and that the BOP had improperly amended 18 U.S.C. § 3621(b) by adding a sixth factor. See id. Nevertheless, the court of appeals did not find that the Section 2241 petition must be dismissed for lack of jurisdiction based on the substance of the petitioner's habeas claim.

Instead, the panel perfunctorily found the petitioner's prerelease custody claim to be cognizable. See id. (citing Woodall, 432 F.3d at 243-44).[2]

Additionally, multiple nonprecedential Third Circuit decisions have stated that challenges to the execution of a sentence involving placement in prerelease custody are cognizable under Section 2241. See Brown v. Warden Fairton FCI, 617 F. App'x 117, 118 (3d Cir. 2015) (per curiam) (nonprecedential) ("Brown's challenge to the BOP's failure to transfer him to an RRC lies under § 2241[.]" (citing Woodall, 432 F.3d at 243-44)); Wilson v. Strada, 474 F. App'x 46, 48 (3d Cir. 2012) (per curiam) (nonprecedential) ("Wilson may resort to federal habeas corpus to challenge a decision to limit his RRC placement[.]"(citing Woodall, 432 F.3d at 243-44)); Guess v. Werlinger, 421 F. App'x 215, 217 (3d Cir. 2011) (per curiam) (nonprecedential) (finding that habeas jurisdiction lies for challenge to BOP policy involving prerelease custody placement, concluding that petitioner's challenge "implicates the execution of his sentence" (citing Woodall, 432 F.3d at 243)). None of these cases involved an allegation that the BOP's conduct was

---

[2] Vasquez v. Strada was initially issued on June 1, 2012, as a nonprecedential decision. See Vasquez, No. 12-1114, Doc. 003110916790 (3d Cir. June 1, 2012). Four days later, the government (appellee) moved to designate the decision as precedential under Third Circuit I.O.P. 5.2. See id., Doc. 003110919478 (3d Cir. June 5, 2012). That motion was granted on June 20, 2012, when the opinion was designated as a precedential opinion by the circuit. See id., Doc. 003110933704 (3d Cir. June 20, 2012). It does not appear that the government ever raised a jurisdictional challenge (other than failure to exhaust administrative remedies) to Vasquez's petition with the district court or the court of appeals. See generally Vasquez v. Strada, No. 3:11-cv-01710, Doc. 8 (M.D. Pa. Oct. 17, 2011).

inconsistent with a sentencing command or recommendation, even Brown v. Warden Fairton FCI, which opinion issued three years *after* Cardona v. Bledsoe was decided. See Brown, 617 F. App'x at 118 (claiming failure to transfer to prerelease custody pursuant to 18 U.S.C. § 3621(b)); Wilson, 474 F. App'x at 47 (raising challenge to BOP's application of Second Chance Act with respect to length of petitioner's RRC placement); Guess, 421 F. App'x at 217 (challenging validity of BOP policy regarding timing of prerelease custody review). Yet the court of appeals did not find jurisdiction lacking for these petitions based on the substance of the petitioners' claims.

There are, on the other hand, numerous nonprecedential Third Circuit decisions that rely on Cardona v. Bledsoe to find a lack of jurisdiction for certain Section 2241 execution-of-sentence claims, although the court has been unable to locate such a decision that specifically concerns transfer to prerelease custody. See, e.g., Morgan v. Warden of USP-Allenwood, No. 24-1508, 2025 WL 325753, at *1 (3d Cir. Jan. 29, 2025) (nonprecedential); Reynolds v. Warden Schuylkill FCI, No. 24-1942, 2024 WL 4164271, at *2 (3d Cir. Sept. 12, 2024) (nonprecedential); Moslem v. Warden, F.C.I. Fort Dix, No. 23-2819, 2024 WL 658976, at *1-2 (3d Cir. Feb. 16, 2024) (nonprecedential); Johnson v. Warden Lewisburg USP, 694 F. App'x 59, 59-60 (3d Cir. 2017) (nonprecedential); Johnson v. Warden Lewisburg USP, 668 F. App'x 415, 416-17 (3d Cir. 2016)

(nonprecedential); Rinaldi v. Warden Allenwood FCI, 598 F. App'x 809, 809-10 (3d Cir. 2015) (nonprecedential); Gillette v. Territory of Virgin Islands, 563 F. App'x 191, 194-95 (3d Cir. 2014) (nonprecedential); Share v. Krueger, 553 F. App'x 207, 209 (3d Cir. 2014) (nonprecedential); Cardona v. Thompson, 551 F. App'x 630, 632 (3d Cir. 2013) (nonprecedential); Shelton v. Thomas, 537 F. App'x 63, 63-64 (3d Cir. 2013) (nonprecedential); Shelton v. Samuels, 523 F. App'x 177, 177 (3d Cir. 2013) (nonprecedential). In one case, the petitioner was challenging his confinement on home detention, but the court of appeals explained that a period of home detention was expressly ordered in his judgment of sentence and therefore he was actually challenging the "*validity* of [his] judgment, not its execution." See Kaetz v. United States, No. 22-1286, 2022 WL 1486775, at *1-2 (3d Cir. May 11, 2022) (nonprecedential).

In light of the seemingly contradictory nature of the foregoing precedential and nonprecedential decisions, it is understandable why a *pro se* petitioner like Goss would attempt to seek relief through Section 2241 for his prerelease custody claim. After all, neither *Cardona v. Bledsoe* nor its nonprecedential progeny confronted the type of issue presented here: the right to be transferred from a federal correctional institution to prerelease custody based on mandatory language contained in a federal statute.

11

Nevertheless, this court is bound by Cardona's jurisdictional requirements for Section 2241 petitions. Cardona is the latest precedential decision to fully consider and delineate the jurisdictional boundaries of execution-of-sentence claims raised in Section 2241 petitions in this circuit. Under Cardona's rigid boundaries, Goss's habeas petition is simply not cognizable. The court offers no opinion regarding the availability of other potential avenues of review for Goss's First Step Act claim involving prerelease custody, only that it cannot be pursued through a petition under 28 U.S.C. § 2241.

## III.  CONCLUSION

Under Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), execution-of-sentence habeas claims in the Third Circuit are tightly circumscribed. Goss's Section 2241 petition, which challenges the BOP's failure to timely transfer him to prerelease custody based on the First Step Act—but *does not* allege that the BOP's conduct is somehow inconsistent with a command or recommendation in his sentencing judgment—fails to meet the stringent jurisdictional requirements set forth in Cardona. Accordingly, Goss's Section 2241 petition must be dismissed for lack of jurisdiction. An appropriate Order follows.

Date: ___4/1/25___

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

12